Roy SWABY, Petitioner,

v.

John ASHCROFT, U.S. Attorney
General, Respondent.

No. 00–CV–6892(ARR).

United States District Court,
E.D. New York.

April 22, 2003.

Roy Swaby, pro se, and Mitchell Cohen,
Law Offices of Mitchell Cohen, Esq., Hallandale Beach, FL, for Petitioner.

Kristen Ann Chapman, US Attorney's
Office, Scott Dunn, United States Attorney's Office, Brooklyn, NY, for Respondent.

*OPINION AND ORDER*

ROSS, District Judge.

Petitioner, Roy Swaby, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the court remand his case for a hearing to consider his eligibility for a discretionary waiver of deportation under former § 212(c) of the Immigration Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996). For the reasons discussed below, his petition is denied.

**BACKGROUND**

Mr. Swaby is a native of Jamaica, a citizen of the United Kingdom and its colonies, and a lawful permanent resident of the United States. After a 1985 conviction for driving while intoxicated and a 1986 conviction for criminal trespass in the third degree, petitioner, upon a jury verdict, was convicted on July 11, 1990, of burglary in the second degree and unlawful possession of marijuana, in violation of §§ 140.25 and 221.05 of the New York State Penal Code. Petitioner was sentenced to between three and nine years for the burglary and possession convictions. In August 1999, petitioner was detained in Nassau County for a parole violation. His status was brought to the attention of the Immigration and Naturalization Service (INS), which issued a Notice of Removal charging him with being removable from the United States as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(c)(2)(A)(iii). On April 3, 2000, the Immigration Judge before whom petitioner appeared found petitioner removable from the United States and issued a final order of removal. In issuing this order of removal, the immigration judge found that

petitioner was ineligible for a waiver of deportation hearing under § 212(c) of the INA because the 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed § 212(c) waivers. Petitioner's timely appeal was dismissed by the Board of Immigration Appeals on October 26, 2000. On November 17, 2000, Mr. Swaby, proceeding pro se, filed the instant habeas petition.

By decision dated January 7, 2002, the court denied the petition on the ground that § 212(c) relief was not available to aliens whose pre–1996 convictions, like petitioner's, resulted from a jury trial instead of a guilty plea. Petitioner subsequently obtained counsel, who moved for reconsideration pursuant to Fed.R.Civ.P. 60(b). The basis for petitioner's motion was that although he did not plead guilty to a deportable offense—thus rendering the Supreme Court's holding in *I.N.S. v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) unavailable to him—the 1996 repeal of discretionary relief nevertheless should not apply to him because he detrimentally relied on the availability of such relief when he rejected a plea offer from the state and proceeded to trial.

The court granted the motion and permitted petitioner to supplement the record in support of his new contention. The court stayed consideration of the merits of petitioner's claim pending the Second Circuit's resolution of consolidated cases that would potentially dispose of the issues in this case. After those cases were decided, *Rankine v. Reno*, 319 F.3d 93 (2003), the parties submitted additional briefs on the merits of petitioner's claim.

## DISCUSSION

Section 212(c), which was codified at 8 U.S.C. § 1182(c), gave the Attorney General discretion to waive deportation under certain conditions for lawfully admitted permanent residents who had lived in the United States for seven years and not served a prison sentence of five or more years for an aggravated felony. Effective April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 440(d) of which identified a broad set of offenses for which convictions would preclude 212(c) relief. On September 30, 1996, Congress enacted IIRIRA, § 304(b) of which repealed § 212(c) of the INA and eliminated discretionary relief for anyone convicted of an aggravated felony. *See* 8 U.S.C. § 1229b(a).

In *St. Cyr*, the Supreme Court held that individuals who pleaded guilty to crimes prior to the enactment date of IIRIRA remain eligible for § 212(c) relief. *I.N.S. v. St. Cyr*, 533 U.S. at 323–24, 121 S.Ct. 2271. In two recent decisions, the Second Circuit has held that St. Cyr does not apply to individuals who were convicted after a trial. *See Rankine*, 319 F.3d at 102 ("[W]e have not found a persuasive argument that the holding in *St. Cyr* can be extended to cover those aliens who were convicted at trial rather than pursuant to a plea. . . ."); *Theodoropoulos v. I.N.S.*, 313 F.3d 732, 739 (2d Cir.2002) ("[W]e find it appropriate to join our sister circuits in confining *St. Cyr* to the plea situation from which it arose.").

Petitioner makes a valiant but unpersuasive effort to avoid the clear import of these cases. Petitioner contends that unlike the petitioners in *Rankine*, and like the petitioner in *St. Cyr*, he relied to his detriment on the availability of a § 212(c) waiver when deciding whether or not to accent a plea. Specifically, petitioner contends that he turned down a plea offer from the state prosecutor—an offer that would have left him eligible for § 212(c) relief under current law—with the knowledge and in reliance of the fact that he

would still be eligible for such relief even if he were convicted at trial. Petitioner argues that construing the 1996 repeal of § 212(c) relief retroactively to cover his conviction would thus upset his "settled expectations" at the time he chose to reject the plea deal.

Whatever its merit in the abstract, petitioner's argument has been foreclosed by the Second Circuit. In *Rankine*, several criminal defense organizations, participating as *amici*, raised the analogous argument that they would have counseled their clients to take a plea had they known of the future immigration consequences of a conviction at trial. In reasoning that applies equally to petitioner's assertion that he would have taken a plea had he known of these consequences, the Second Circuit stated:

> The *amici* argue that aliens who went to trial relied on their right to seek § 212(c) relief in a manner similar to those who pled guilty and that their decisions to stand trial were made in accordance with their belief that they were preserving their eligibility for relief. *Amici* claim that, as criminal defense lawyers, they would have counseled aliens like Rankine and Lawrence to seek pleas that preserved the possibility of § 212(c) waiver if they had known the true immigration consequences— post IIRIRA and AEDPA—of the decision to go to trial.
>
> What *amici* overlook in their arguments is that while aliens who chose to go to trial may have considered the availability of § 212(c) relief, what they truly relied upon was their claim of innocence. Unlike aliens who pled guilty so as to ensure their eligibility for relief, the petitioners here and others like them aimed to eliminate the possibility of deportation altogether by being found not guilty of the crimes of which they were accused. Their reliance, therefore, was on, as *amici* put it, "familiar criminal

justice considerations" and the application of the criminal laws rather than on the availability of § 212(c) relief. Whatever counsel *amici* may have provided had they known of the future repeal of § 212(c)—and of course such counsel is purely speculative—it cannot fairly be concluded that petitioners here relied on § 212(c) in the same way that aliens who chose to plead guilty did.

*Rankine*, 319 F.3d at 102 (footnote omitted); *see also Theodoropoulos*, 313 F.3d at 740 ("A jury's verdict, not the potential of discretionary waiver or the IIRIRA's removal thereof, determined the legal consequence of the decision to seek trial. Furthermore, unlike defendants who bargained to guilty pleas, alien defendants who, like Theodoropoulos, proceeded to trial did not provide a benefit to the government such that retracting a possible form of relief would now create 'significant and manifest' evidence of unfairness.").

*Rankine* thus affirms that a bright line separates aliens who pleaded guilty and those who elected to stand trial, and holds that the latter, as matter of law, cannot establish reliance on the availability of § 212(c) in their decision to go to trial. Petitioner has not cited a single case holding that the repeal of § 212(c) does not apply retroactively to aliens who were convicted at trial after rejecting a plea offer. Nor has the court found such a case. The mere additional fact that petitioner rejected a plea offer does not distinguish his case from the overwhelming authority, in this and other circuits, precluding § 212(c) relief to aliens convicted of aggravated felonies at trial. Given the ubiquity of plea bargaining in state court prosecutions, it is safe to say that many, if not most, such aliens also turned down plea offers that would have left them eligible for § 212(c) relief. To hold that petitioner's case is not controlled by *Rankine* based on this com-

mon fact would thus create an exception that would threaten to swallow the rule. More importantly, nothing in *Rankine* suggests that such an exception would be permissible; on the contrary, the logic and language of the opinion compel the conclusion that there exists a categorical and absolute distinction, for § 212(c) purposes, between aliens who pleaded guilty to aggravated felonies pre-IIRIRA and those who pleaded not guilty and went trial. Although the court is not unsympathetic to the hardship worked by the application of the 1996 immigration laws to long-time resident aliens such as Mr. Swaby, his contentions are barred by controlling precedent and thus cannot serve as the basis for granting the relief he seeks.

### CONCLUSION

For the reasons stated above, petitioner is ineligible for § 212(c) discretionary relief and his petition for a writ of habeas corpus is denied. The order staying petitioner's removal is lifted.

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.