**Roy SWABY, Petitioner–Appellant,**

v.

**John ASHCROFT, United States Attorney General, Respondent–Appellee.**

**Docket Nos. 02–2068(L), 03–2298(CON).**

United States Court of Appeals, Second Circuit.

Argued: Dec. 15, 2003.

Decided: Feb. 3, 2004.

Mitchell Cohen, Hallandale Beach, FL, for Appellant.

Kristen Chapman, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

Before: WALKER, Chief Judge, KEARSE and CABRANES, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Petitioner Roy Swaby appeals from an order of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*), dated April 22, 2003, denying his petition for a writ of habeas corpus. After this Court denied his motion for a stay of removal pending appeal, Swaby was deported on or about August 25, 2003 as an alien convicted of an aggravated felony, based on a 1990 conviction by a jury in New York for second-degree burglary and unlawful possession of marijuana.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009, § 304(b), repealed § 212(c) of the Immigration and Nationality Act ("INA"),[1] which had authorized the Attorney General to waive deportation in certain circum-

1. Former INA § 212(c), 8 U.S.C. § 1182(c) (1994), provided:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to [certain enumerated provisions setting forth various grounds for exclusion] .... The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years.

Although "the literal terms of § 212(c) appeared to apply only to resident aliens who had temporarily proceeded abroad and were returning to the United States," *St. Cyr v. INS,* 229 F.3d 406, 410 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), this Court has long held that under § 212(c), the Attorney General may waive deportation in appropriate circumstances "[i]n a case where a convicted alien demonstrated that he or she had a lawful unrelinquished domicile in the United States for at least seven years and that his or her conviction was not for an 'aggravated felony,' for which he or she had served a term of imprisonment of five years or longer," *id.*

stances. In *INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that IIRIRA's repeal of INA § 212(c) would have an impermissibly retroactive effect on aliens who had entered into plea agreements prior to the effective date of IIRIRA that would preserve their eligibility for § 212(c) relief, because such aliens had likely relied on the availability of § 212(c) relief in pleading guilty. *Id.* at 325, 121 S.Ct. 2271. In *Rankine v. Reno,* 319 F.3d 93 (2d Cir.), *cert. denied,* — U.S. ——, 124 S.Ct. 287, 157 L.Ed.2d 199 (2003), we held that the repeal of § 212(c) relief does not have an impermissibly retroactive effect when applied to aliens who were convicted after a trial, rather than pursuant to a plea, prior to the effective date of IIRIRA. *Id.* at 102. In the instant case, the District Court held, relying upon *Rankine,* that the repeal of § 212(c) applied to petitioner, who was convicted after a trial and prior to the effective date of IIRIRA, notwithstanding petitioner's assertion that he relied on the availability of § 212(c) relief in rejecting a plea offer and proceeding to trial. *See Swaby v. Ashcroft,* 296 F.Supp.2d 279 (E.D.N.Y. 2003). We affirm.

**Background**

Petitioner is a native of Jamaica and a citizen of the United Kingdom and its colonies, and was, until recently, a lawful permanent resident of the United States, having entered in 1970. In 1990, defendant was convicted of second-degree burglary and unlawful possession of marijuana, in violation of Sections 140.25 and 221.05 of the New York Penal Code. He was sentenced to an indeterminate term of three to nine years' imprisonment, and served fewer than four years. On August 11, 1999, the Immigration and Naturalization Service [2] issued a Notice to Appear, charging him with being removable from the United States as an alien convicted of an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[3] On April 3, 2000, an immigration judge found petitioner removable as charged, and issued an order of removal. The immigration judge found petitioner ineligible for a waiver of deportation hearing pursuant to former § 212(c) of the INA, on the ground that § 212(c) had been repealed by the enactment of IIRIRA, effective April 1, 1997.[4] The Board of Immigration Appeals dismissed petitioner's appeal on October 26, 2000. On November 17, 2000, petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2241,[5] in the District Court. In an order dated April 22, 2003, the District Court denied the petition.[6] Petitioner filed a Notice of Appeal on May 5, 2003. On or about August 25, 2003, petitioner was deported.

2. The Immigration and Naturalization Service has ceased to exist as an independent agency, certain of its functions having been transferred as of March 1, 2003, to the Department of Homeland Security, *see* Homeland Security Act of 2002, Pub.L. No. 107–296, 116 Stat. 2135 (Nov. 25, 2002), and the functions at issue here are being performed by what is now called the Bureau of Citizenship and Immigration Services.

3. 8 U.S.C. § 1227(a)(2)(A)(iii) provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable."

4. Section 212(c) was repealed by IIRIRA § 304(b), Pub.L. No. 104–208, 110 Stat. 3009–597 (1996).

5. 28 U.S.C. § 2241(a) provides, in relevant part, that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

6. We summarize here only the procedural history that is relevant to this appeal.

Petitioner's claim on appeal involves his eligibility to seek a discretionary waiver of removal pursuant to former § 212(c) of the INA. We have described the history of § 212(c) relief in *St. Cyr v. INS,* 229 F.3d 406, 410–12 (2d Cir.2000), *aff'd,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Section 212(c), formerly codified at 8 U.S.C. § 1182(c), gave the Attorney General discretion to waive deportation under certain conditions for lawfully admitted permanent residents. *See St. Cyr,* 229 F.3d at 410. In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, § 440(d) of which limited eligibility for relief under § 212(c), and later that year Congress enacted IIRIRA, § 304(b) of which repealed § 212(c) altogether. *See St. Cyr,* 229 F.3d at 411. IIRIRA replaced § 212(c) relief with a form of relief called "cancellation of removal," which allows the Attorney General to cancel removal proceedings for certain resident aliens, excluding those convicted of an aggravated felony. IIRIRA § 304(b); *see* INA § 240A(a), 8 U.S.C. § 1229b(a).[7]

In *INS v. St. Cyr,* 533 U.S. 289, 326, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), which upheld our decision in *St. Cyr v. INS,* 229 F.3d 406 (2d Cir.2000), the Supreme Court held that Congress's repeal of § 212(c) did not apply to aliens who had entered into plea agreements prior to the repeal, where the agreements served to preserve the aliens' eligibility for § 212(c) relief. The Court found that there was a "significant likelihood" that eligible aliens would be granted § 212(c) relief prior to IIRIRA, and that they "almost certainly relied upon that likelihood in deciding whether to forgo their right to a trial" by agreeing to sentences that would preserve their eligibility for § 212(c) relief. *St. Cyr,* 533 U.S. at 325, 121 S.Ct. 2271. The Court determined that "it surely would be contrary to 'familiar considerations of fair notice, reasonable reliance, and settled expectations,' to hold that IIRIRA's subsequent restrictions deprive them of any possibility of such relief." *Id.* at 323–24, 121 S.Ct. 2271 (quoting *Landgraf v. USI Film Prods.,* 511 U.S. 244, 270, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)) (internal citation omitted).

We recently held in *Rankine,* 319 F.3d at 102, that the repeal of § 212(c) relief does not have an impermissibly retroactive effect when applied to aliens who were convicted at trial rather than pursuant to a plea. *Id.* at 102. Applying *Rankine* to this case, the District Court held that petitioner was not entitled to seek § 212(c) relief. The District Court rejected petitioner's argument, which he reiterates on appeal, that *Rankine* does not apply to his case because he, unlike the aliens in *Rankine,* "detrimentally relied" on the availability of § 212(c) in choosing to reject a plea deal and proceed to trial.

## Discussion

### I. Mootness

We must first determine whether petitioner, who has already been deported, presents a live case or controversy. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In order to

7. 8 U.S.C. § 1229b(a) provides:
The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony.

satisfy the case-or-controversy requirement, petitioner " 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.' " *Id.* (quoting *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990)). Petitioner asserts an actual injury—a bar to reentering the United States—that has a sufficient likelihood of being redressed by the relief petitioner seeks from this Court. His appeal is therefore not moot.[8]

Where a defendant has been convicted of a crime, but is no longer incarcerated, the defendant must show some "collateral consequence" of the conviction, meaning "some concrete and continuing injury other than the now-ended incarceration or parole," *Spencer,* 523 U.S. at 7, 118 S.Ct. 978, to establish a live case or controversy. Here, petitioner is no longer imprisoned, but he faces a lifetime bar from reentering the United States as a result of having been ordered removed after an aggravated felony conviction. *See* 8 U.S.C. § 1182(a)(9)(A)(ii). He thereby suffers a "collateral consequence." *See, e.g., Perez v. Greiner,* 296 F.3d 123, 126 (2d Cir.2002) (stating in dicta that a permanent bar to reentry that could be affected by the pending case "clearly would suffice to prevent [appellant's] habeas petition from being mooted").

The government argues that petitioner's claim is nonetheless moot because, even if this Court were to order the Attorney General to give petitioner a hearing on § 212(c) relief, and petitioner were to receive § 212(c) relief, petitioner would still be statutorily barred from reentry. The government contends, in other words, that petitioner's injury is not likely to be redressed by a favorable ruling from this Court. Specifically, the government claims that petitioner would still be inadmissible under 8 U.S.C. § 1182(a)(9)(A)(ii),[9] for having been ordered removed after an aggravated felony conviction.

This provision, however, would not bar petitioner's reentry if we were to, as petitioner requests, grant a writ of habeas corpus and vacate his order of removal.

8. We note, initially, that we have never imposed a blanket rule that deportation will moot an immigration appeal or a collateral attack on an order of removal. In *Duran v. Reno,* 197 F.3d 63, 63 (2d Cir.1999), a terse opinion, we did dismiss an immigration appeal as "moot" based on the appellant's deportation. However, *Duran* was decided under former § 106(c) of the INA, which provided that "[a]n order of deportation ... shall not be reviewed by any court if the alien ... has departed from the United States after the issuance of the order." 8 U.S.C. § 1105a(c) (1994); *see Roldan v. Racette,* 984 F.2d 85, 90 (2d Cir.1993) (holding that INA § 106(c) is a "clear jurisdictional bar, and admits of no exceptions"). Although IIRIRA repealed INA § 106(c) as of April 1, 1997, Duran's deportation proceedings had been commenced on November 14, 1996, and thus INA § 106(c) remained applicable to him. The parties agree that *Duran* has no application to petitioner, whose removal proceedings were commenced after IIRIRA's effective date of April 1, 1997.

9. 8 U.S.C. § 1182(a)(9)(A)(ii) provides, in relevant part, that an alien (other than one who has been ordered removed pursuant to 8 U.S.C. § 1225(b)(1) or § 1229a upon arrival in the United States) who

> (I) has been ordered removed under section 1229a or any other provision of law, or
>
> (II) departed the United States while an order of removal was outstanding,
>
> and who seeks admission within 10 years of the date of such alien's departure or removal (or within 20 years of such date in the case of a second or subsequent removal or at any time in the case of an alien convicted of an aggravated felony) is inadmissible.

Clearly, this statute, which by its terms is triggered by an alien's reentry, would not prevent an alien who has not yet been deported from obtaining § 212(c) relief.

*Cf., e.g., Dickson v. Ashcroft,* 346 F.3d 44, 55 (2d Cir.2003) (granting a petition for review of a BIA decision and vacating the order of removal). Furthermore, if petitioner had received such a § 212(c) hearing and had been granted § 212(c) relief, he would not have been ordered removed in the first place. Other courts to address the issue have held that an alien seeking § 212(c) relief presents a live case or controversy even where the alien has been deported and now faces a statutory bar to reentry. *See Leitao v. Reno,* 311 F.3d 453, 456 (1st Cir.2002) (holding that "the bar on readmission of a removed alien is a legally cognizable collateral consequence that preserves a live controversy even after deportation of the petitioner" and observing that "[a] grant of section 212(c) relief would erase the collateral consequences"); *Smith v. Ashcroft,* 295 F.3d 425, 428 (4th Cir. 2002) ("[T]hough Smith is no longer in the United States, he is unmistakably affected by the legal implications of our decision. If he prevails, there is a possibility he can beneficially unravel his untoward immigration status."); *cf. Chong v. District Director,* 264 F.3d 378, 386 (3d Cir.2001) ("[I]t seemingly would be too late for the Attorney General to withhold removal, since Chong already has been deported. Nevertheless, we suppose that, were we to reverse the Board's decision, the Attorney General could exercise his discretion and grant 'withholding' of removal and allow Chong to reenter the United States."). The government has not offered a persuasive basis for distinguishing such cases or finding them in error. Nor has the government presented us with any opinion in any jurisdiction holding that an alien's claim for § 212(c) relief is mooted by deportation.

The government conceded at oral argument that, were we to rule in petitioner's favor, he would have a chance at reentering the United States. This chance is sufficient to give petitioner "a 'personal stake' in the litigation," *Fox v. Bd. of Trustees,* 42 F.3d 135, 140 (2d Cir.1994), that presents a live case or controversy. We therefore hold that petitioner's deportation does not render his claim for § 212(c) relief moot.

## II. Relief under former INA § 212(c)

We review *de novo* an appeal from the denial of a habeas petition. *Rankine,* 319 F.3d at 98. The District Court found petitioner's claim controlled by *Rankine,* where we concluded that "the repeal of § 212(c) relief does not have an impermissibly retroactive effect when applied to petitioners," who were "aliens ... convicted at trial rather than pursuant to a plea." *Id.* at 102. Writing for the panel, Judge Oakes observed that, unlike the aliens in *St. Cyr,* who likely pleaded guilty on the understanding that § 212(c) relief would be available, "none of these petitioners [in *Rankine* ] detrimentally changed his position in reliance on continued eligibility for § 212(c) relief." *Id.* at 99. He explained that

> [t]he claim that they relied on the availability of § 212(c) relief in making the decision to go to trial is therefore somewhat hollow: in fact, they decided to go to trial to challenge the underlying crime that could render them deportable and, had they succeeded, § 212(c) relief would be irrelevant.

*Id.* at 99–100. The *Rankine* Court likewise rejected the "reliance" arguments of several criminal defense groups, participating as *amici,* who asserted that they would have counseled their clients "to seek pleas that preserved the possibility of § 212(c) waiver if they had known the true immigration consequences—post IIRIRA and AEDPA—of the decision to go to trial." *Id.* at 102.

Petitioner attempts to distinguish *Rankine* by arguing that he detrimentally re-

lied on the availability of § 212(c) relief, unlike the aliens in that case, when he rejected a plea offer made by the government. He attests in an affidavit, "I did not agree to the offered plea agreement because I wanted to prove my innocence and I understood that even if I received a sentence of a year or more, I could still apply for discretionary relief from deportation in Immigration Court." Yet even accepting petitioner's uncorroborated, self-serving affidavit as true, his situation is not meaningfully different from that of the aliens in *Rankine.* He rejected the plea agreement, he attests, because he wanted to prove his innocence. By choosing to proceed to trial and relying on the possibility of proving his innocence, he did not detrimentally rely on the availability of § 212(c) relief.

We therefore conclude that the holding in *Rankine* is not an invitation to aliens, like petitioner, to offer individualized proof of their motivation in choosing to go to trial. We hold that the decision to go to trial, as a matter of law, forecloses any argument of detrimental reliance on the availability of § 212(c) relief, and that IIRIRA's repeal of § 212(c) is not impermissibly retroactive in its application to petitioner.

**Conclusion**

We have considered all of petitioner's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is hereby affirmed.