Juan PEREZ CUEVAS, Petitioner–
Appellant,

v.

IMMIGRATION AND NATURAL-
IZATION SERVICE, Respon-
dent–Appellee.

Docket Nos. 02–2633, 02–4494.

United States Court of Appeals,
Second Circuit.

Jan. 25, 2005.

On submission (Juan Perez Cuevas, Bronx, NY), for Petitioner, pro se.

On submission (Glenn T. Suddaby, United States, Attorney for the Northern District of New York, Albany, NY, Barbara D. Cottrell, Assistant United States Attorney, Albany, NY), for Respondent.

PRESENT: CARDAMONE, JACOBS, and CABRANES, Circuit Judges.

*SUMMARY ORDER*

Juan Perez Cuevas appeals an August 19, 2002 order of the United States District Court for the Northern District of New York (McAvoy, *J.*), denying his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. That petition

challenged Cuevas's final order of removal issued by the Immigration and Naturalization Service ("INS" or "government"). We assume that the parties are familiar with the facts, the procedural history and the scope of the issues presented on appeal.

■ According to the government, Cuevas's appeal is moot, as he has already been removed from the United States and he is statutorily ineligible for reentry into this country by virtue of either (or both) of his felony convictions. "A case becomes moot when it no longer satisfies the 'case-or-controversy' requirement of Article III, Section 2 of the Constitution. In order to satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris,* 192 F.3d 290, 293 (2d Cir.1999). Cuevas faces a lifetime bar from reentering the United States; that bar from reentry constitutes an "actual injury" or "collateral consequence." *See Swaby v. Ashcroft,* 357 F.3d 156, 160 (2d Cir.2004). Moreover, since Cuevas challenges his final order of removal and since a favorable judicial decision could vacate that order, Cuevas's injury can be redressed by this Court. *See id.* at 160–61. So Cuevas's current appeal is not moot.

Cuevas contends that the immigration court erred in ruling that he was ineligible for relief under § 212(c) of the Immigration and Nationality Act ("INA"). Section 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Pub.L. No. 104–208, 110 Stat. 3009. The repeal of § 212(c) cannot be retroactively applied to aliens who pleaded guilty to felonies prior to the effective date of IIRIRA, *INS v. St. Cyr,* 533 U.S. 289, 322–24, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); however, the 1996 repeal does apply to Cuevas's 1997 felony conviction. *See Mohammed v. Reno,* 309 F.3d 95, 103 (2d Cir.2002) (noting that *St. Cyr* is inapplicable where the alien "was convicted after section 212(c) relief became unavailable").

■ Cuevas further contends that his 1997 felony conviction was not an "aggravated felony," *see* 8 U.S.C. § 1227(a)(2)(A)(iii), and therefore did not render him subject to removal. This contention is without merit. The crime for which Cuevas was convicted in 1997 (attempted criminal possession of a controlled substance, in violation of N.Y. Penal Law §§ 110.05, 220.09) is an "aggravated felony," as that term is defined under federal law. *See* 8 U.S.C. § 1101(a)(43)(B); *cf. United States v. Pornes–Garcia,* 171 F.3d 142, 145 (2d Cir.1999).

Cuevas also claims the INS improperly deported him during the pendency of his appeal. However, no automatic stay arises when an alien appeals an order of removal; nor was the INS obligated to stay Cuevas's removal absent a court order. *See Mohammed v. Reno,* 309 F.3d 95, 100–02 (2d Cir.2002) (discussing standard for stay of removal pending appeal in a habeas proceeding).

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**