**Linval E. GOODEN, Petitioner–Appellant,**

v.

**Alberto GONZALES,\* Attorney General of the United States, Respondent–Appellee.**

No. 03–2263.

United States Court of Appeals, Second Circuit.

Nov. 30, 2005.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Norman Trabulus, Garden City, N.Y., for Petitioner.

Varuni Nelson, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York (F. Franklin Amanat and Steven Kim, Assistant United States Attorneys, on the brief), for Respondent.

Present: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. RICHARD M. BERMAN, District Judge.**

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision. Petitioner Linval E. Gooden appeals the district court's (Dearie, *J.*) denial of his petition for habeas corpus in which he seeks vacatur of the final order of his removal from the United States to Jamaica. Gooden alleges (1) that his petition is not rendered moot by the fact that the Immigration and Naturalization Service ("INS") has already removed him to Jamaica, (2) that Attorney General Ashcroft is a proper respondent in this case and the Eastern District of New York is a proper venue, and (3) that the Board of Immigration Appeals ("BIA") improperly denied him relief under the Convention Against

Torture ("CAT") in affirming the Immigration Judge's ("IJ") determination that, even if Gooden's allegations of impending torture are presumed to be true, those allegations do not state a successful claim under CAT, because the Convention's protections do not extend to harms committed by private individuals or entities that a government is unable to control. *See* 8 C.F.R. § 208.18(a)(1) (limiting the definition of torture for which CAT relief is available to pain and suffering "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity").

■ Petitioner's first argument is plainly correct; his removal to Jamaica does not moot his petition for relief. *See Swaby v. Ashcroft,* 357 F.3d 156, 160 (2d Cir.2004). We need not reach his second argument; the government does not contend in this appeal that the Attorney General is an improper respondent, or that the Eastern District of New York is an improper venue for this suit, and as such, those arguments have been waived. *See Rumsfeld v. Padilla,* 542 U.S. 426, 124 S.Ct. 2711, 2728, 159 L.Ed.2d 513 (2004) (Kennedy, *J.,* concurring) ("Because the immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government.").

■ We therefore can address the merits. Since the time Gooden filed his habeas petition, however, Congress passed the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (hereinafter "REAL ID Act" or "Act"). As we have previously explained, *see, e.g., Gittens v. Menifee,* 428

** The Honorable Richard M. Berman, United States District Court for the Southern District of New York, sitting by designation.

F.3d 382 (2d Cir.2005) (per curiam), the Act "eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review under [8 U.S.C. § 1252]." *Id.* at 384–85. "By its express terms, the Act is retroactive and applies to cases 'in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after' the date of enactment." *Id.* (quoting REAL ID Act, 119 Stat. 231, § 106(b)).

For cases pending before a *district* court at the time the Act was passed, the new legislation directs that the pending habeas petition be converted into a § 1252 petition for review, which would then be transferred to the proper court of appeals for consideration. In *Gittens,* we decided that we would similarly handle habeas petitions pending before a *court of appeals* (rather than a district court) at the time of the REAL ID Act's enactment, even though Congress apparently failed to specify how to address these petitions. *See Gittens,* 428 F.3d at 384–87; *see also Bonhometre v. Gonzales,* 414 F.3d 442, 446 (3d Cir.2005) ("[I]t is readily apparent, given Congress' clear intent to have all challenges to removal orders heard in a single forum (the courts of appeals), that those habeas petitions that were pending before this Court [of appeals] on the effective date of the Real ID Act are properly converted to petitions for review and retained by this Court." (internal citations omitted)). We therefore review Gooden's appeal as a petition for review under § 1252.

■ Treating Gooden's application as a § 1252 petition for review, we conclude that Petitioner has no cognizable claim. We have not expressly articulated the standard of review for appeals such as this, *i.e.,* appeals that were originally brought as § 2241 habeas petitions, but are now to be treated as § 1252 petitions

for review. Even prior to the enactment of the REAL ID Act, the proper standard of review for habeas review of CAT claims remained unsettled. *Cf. Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (declining to decide the standard of review for habeas petitions seeking CAT relief because under either a *de novo* standard or a "substantial evidence" standard, the BIA's decision was not erroneous). Though the REAL ID Act does not, on its face, settle the question of whether to use the preexisting standard of review applicable to habeas petitions or the standard of review traditionally appropriate for § 1252 petitions for review, we find that, as in *Gittens* and in *Wang,* we need not decide the precise standard of review, because under any possible standard, Gooden has not proven that the torture he alleges would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Absent such proof, Gooden is not entitled to relief.

■ It is true that we have recently recognized the breadth of CAT's protection against government "acquiescence." *See Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004) (noting that CAT's protections apply wherever "government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it"). But to the extent that Petitioner's appeal seeks to raise, for the first time, the contention that he would be jailed for his crimes and that the jails in Jamaica tolerate the torture of prisoners, we cannot consider those claims on appeal because they were not raised before the IJ or the BIA. As a result, those argument are not before us. *See Theodoropoulos v. INS,* 358 F.3d 162, 172–74 (2d Cir.2004).

We have considered all of Gooden's arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is AFFIRMED.