Zhunusov v. Garland

BIA
Montante, IJ
A215 671 266

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-one.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

BAKTIIAR ZHUNUSOV,
> *Petitioner*,

v.                                                      19-3704

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:                JILLIAN E. NOWAK, ESQ. (Karen Murtagh-Monks, Executive Director, *on the brief*) *for* Prisoners' Legal Services of New York, Buffalo, NY.

FOR RESPONDENT:                JONATHAN ROBBINS, Senior Litigation Counsel, (Anthony P. Nicastro, Assistant Director, *on the brief*) *for* Brian Boynton, Acting Assistant Attorney General, Civil Division,

Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Baktiiar Zhunusov, a native of Kyrgyzstan and citizen of Russia, seeks review of a BIA decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Baktiiar Zhunusov,* No. A215 671 266 (B.I.A. Oct. 8, 2019), *aff'g* No. A 215 671 266 (Immigr. Ct. Batavia Apr. 23, 2019). We assume the parties' familiarity with the underlying facts and procedural history.[1]

We have reviewed the IJ's decision as modified by the BIA and reach only the grounds that the BIA relied on in sustaining the

---

[1] The government argues that Zhunusov's petition is now moot because of his removal and his failure to maintain contact with his counsel during the intervening 18 months. Resp't Ltr. Br. at 5-6. A petitioner's removal ordinarily does not deprive the Court of jurisdiction to consider a petition for review. *See Nken v. Holder*, 556 U.S. 418, 424 (2009); *Swaby v. Ashcroft*, 357 F.3d 156, 161 (2d Cir. 2004). Zhunusov's counsel has informed the Court that Zhunusov authorized counsel to pursue the present petition for review, and the government conceded at oral argument that, if Zhunusov's petition is granted, it would be obligated to attempt to facilitate his return to the United States. Accordingly, we conclude that Zhunusov's petition for review is not moot. We therefore consider it on the merits.

2

IJ's adverse credibility determination. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence). In relevant part, the Immigration and Naturalization Act provides as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). Our precedent teaches that "[w]e [will] defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. On such review, we conclude that substantial evidence supports the agency's adverse credibility determination.

We defer to the agency's finding that Zhunusov's evasive

demeanor undermined his credibility. The IJ was "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, the record supports the agency's adverse credibility finding. As the BIA noted, the IJ repeatedly instructed Zhunusov to answer questions directly, reflective of an assessment that Zhunusov was being evasive.

Zhunusov argues that the BIA engaged in improper fact-finding. He observes that the IJ made only a general finding that Zhunusov was evasive. Although the BIA is not authorized to make findings of fact, it reviews the IJ's findings for clear error. *See* 8 C.F.R. § 1003.1(d)(3). Here, the IJ found that Zhunusov was evasive, and the BIA did not fact-find on its own. Rather, it merely determined that there was no clear error in the IJ's finding that Zhunusov was evasive by reviewing the hearing record and noting where the IJ called attention to Zhunusov's relevant conduct.

In making its adverse credibility finding, the agency also properly considered inconsistencies in Zhunusov's submissions. It pointed out that during his border and credible fear interviews,

4

Zhunusov failed to mention the threats that he later said prompted him to leave Kyrgyzstan in 2010 and then to leave Russia in 2018.[2] *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67 & n.3 (in credibility determinations, allowing reliance on omissions). Zhunusov testified that he left Kyrgyzstan in 2010 after his political work led to him receiving telephonic threats from "the mafia" three to four times over an unspecified period. Special App'x 3 (B.I.A. Decision). He also testified that his political work led to death threats against him in the two weeks preceding his departure from Russia. But, during his border interview, Zhunusov stated that he was seeking "political asylum" only because he experienced "racial discrimination" in Russia. Further, although Zhunusov asserted during his credible fear interview, which was conducted through a Russian interpreter, that he left Kyrgyzstan because of "political prosecution" (as stated by the interpreter) and was afraid to return to Russia because he

---

[2] In his appeal to the BIA, Zhunusov did not challenge the reliability of the interview records. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (holding that "usually . . . issues not raised to the BIA will not be examined by the reviewing court"). Nor would he have had obvious grounds to do so. The records bear "hallmarks of reliability": they are typewritten lists of questions and answers; Zhunusov had an interpreter; his responses to the questions indicate that he understood the interviewers; and the interviewers asked questions designed to elicit an asylum claim. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

5

feared the Kyrgyz government would send someone to Russia to harm him, he did not elaborate further on these isolated comments and instead focused on the racial persecution he allegedly suffered in Russia. A.R. 848, 849. Nor did Zhunusov refer to the 2010 threats that he later identified as motivating him to flee Kyrgyzstan or the 2018 threats that he said prompted him to flee Russia. The agency did not err in relying on these omissions together with its demeanor and other inconsistency findings, since the threats formed a material part of Zhunusov's claim. *See Hong Fei Gao*, 891 F.3d at 78, 82 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"); *see also Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements).

Finally, the agency reasonably relied on Zhunusov's inconsistent representations regarding when he resided in Kazakhstan and when he was detained in that country. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the contradictions among his statements were apparent (that is, whether he was detained in 2006, 2007, 2010, or 2016), the agency was entitled to rely on these inconsistencies without first soliciting explanations. *See Majidi*

6

*v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005); *Ming Shi Xue v. BIA*, 439 F.3d 111, 114 (2d Cir. 2006). In any event, the record reveals that the attorney for the Department of Homeland Security cross-examined Zhunusov about both the timing and length of his detention in Kazakhstan by pointing to inconsistencies between his testimony and his I-589.

Having called Zhunusov's credibility into question on these sound bases, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Zhunusov submitted extensive country conditions evidence, but provided no evidence tending to corroborate his claim that he was involved in high-profile political work. Further, Zhunusov affirmatively stated that he had not attempted to obtain medical records or letters from his former employer or attorney in Russia to corroborate his account of alleged beatings.

Considered together, the IJ's demeanor finding and the omissions, inconsistencies, and lack of corroboration in Zhunusov's record amount to substantial evidence supporting the

agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165–66. The adverse credibility determination is dispositive of Zhunusov's claims for asylum, withholding of removal, and CAT relief because all three forms of relief rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We do not reach Zhunusov's argument that, even absent his own credible testimony, his country conditions evidence established that he has a well-founded fear of persecution in Russia. Zhunusov did not exhaust the argument that the evidence showed a pattern or practice in Russia of persecuting similarly situated individuals as would establish a well-founded fear of persecution under 8 C.F.R. § 1208.13(b)(2)(iii). *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–23 (2d Cir. 2007) (holding that "we may consider only those issues that formed the basis for [the BIA's] decision"); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 334–35 (2d Cir. 2006) (explaining that we may not "engage in an independent evaluation of the cold record" or sit as "fact-finders in the first instance").

For the foregoing reasons, the petition for review is DENIED. Zhunusov's pending motions for a stay of removal and to compel his return are DENIED as moot and the order granting a temporary emergency stay is VACATED. The joint motion by the

8

American Immigration Council and Immigrant Defense Project for leave to file a brief amici curiae is GRANTED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
