Valenzuela Arias v. Garland

BIA
Farber, IJ
A055 118 087

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> *Circuit Judges.*

_____

SANTO VALENZUELA ARIAS, AKA SANTO ZEQUIEL VALENZUELA ARIAS, AKA SANTO EZEQUIEL VALENZUELA ARIAS,
> *Petitioner*,

v.                                                          20-1909
                                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:** Ellen Kathleen Pachnanda, Meghan L. McCarthy, Brooklyn Defender Services, Brooklyn, NY; John M. Tanski, Axinn, Veltrop & Harkrider LLP, Hartford, CT; Craig M. Reiser, Eva H. Yung, Axinn, Veltrop & Harkrider LLP, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Lindsay B. Glauner, Senior Litigation Counsel; Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Santo Valenzuela Arias, a native and citizen of the Dominican Republic, seeks review of a June 3, 2020 decision of the BIA affirming an August 16, 2019 decision of an Immigration Judge ("IJ") ordering his removal and denying his application for relief under the Convention Against Torture ("CAT"). *In re Santo Valenzuela Arias*, No. A 055 118 087 (B.I.A. June 3, 2020), *aff'g* No. A 055 118 087 (Immig. Ct. N.Y. City Aug. 16, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of

completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo.[1] *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009) (reviewing de novo claim that IJ "erred as a matter of law" in denying motion to terminate). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

I. Finality of Convictions

Arias argues that the controlled substance convictions that formed the basis of his removal order were not final for immigration purposes because his sentence was to run concurrently with sentences for robbery convictions that were pending on appeal. This challenge to finality is moot because Arias's convictions have since been affirmed on appeal.

A case is moot where no "live case or controversy" exists. *Swaby v. Ashcroft*, 357 F.3d 156, 159 (2d Cir. 2004). "In order to satisfy the case-or-controversy

---

[1] Although Arias was ordered removed on criminal grounds that implicate the jurisdictional bar in 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to consider his legal challenge to the finality of his convictions, *see* 8 U.S.C. § 1252(a)(2)(D), and the jurisdictional bar does not apply to his CAT claim, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–92 (2020).

3

requirement, petitioner must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Id*. at 159–60 (quotation marks omitted). The New York Appellate Division, First Department, affirmed Arias's robbery convictions in May 2020, a few weeks before the BIA's June 2020 decision. *See People v. Valenzuela*, 123 N.Y.S.3d 601 (N.Y. App. Div. 2020). And in November 2020 (a few months after the BIA's decision), the New York Court of Appeals denied leave to appeal. *See People v. Valenzuela*, 36 N.Y.3d 932 (2020). In June 2021, Arias filed a letter application with the New York Court of Appeals requesting reconsideration; the Court of Appeals denied Arias's request later that same month. The time to file a petition for a writ of certiorari to the U.S. Supreme Court has expired. *See Policano v. Herbert*, 7 N.Y.3d 588, 593 (N.Y. 2006) (holding that a conviction "became final . . . when . . . time for filing a petition for writ of certiorari in the United States Supreme Court expired"); S. Ct. Rule 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case . . . entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment.").

Arias argues that his case is not moot because "this Court can still grant the relief he seeks—prevention of premature removal from the United States." Reply

Br. at 20. However, now that his robbery convictions have been affirmed and there is no pending challenge to the convictions for which he was ordered removed, there is no basis to grant the relief he seeks, i.e., remand to the BIA would not change the outcome of the proceedings. *Cf. Swaby*, 357 F.3d at 160 (finding a live controversy where "[p]etitioner asserts an actual injury—a bar to reentering the United States—that has a sufficient likelihood of being redressed by the relief petitioner seeks from this Court").

II.     CAT Relief

We deny the petition as to CAT relief because the record supports the agency's decisions. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021) (reviewing factual challenges to the denial of CAT relief "subject to the highly deferential substantial evidence standard" (quotation marks omitted)). To establish eligibility for CAT relief, an applicant must show that he would "more likely than not" be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). Arias asserted that (1) the Trinitarios would punish him for leaving the gang, (2) the Trinitarios would torture him for his suspected cooperation with law enforcement, and (3) he would be incarcerated because of his status as a criminal deportee from the United States and, while incarcerated, prison guards and inmates would torture him.

The agency found his claims too speculative, that he was not credible as to his attempts to leave the gang, and, alternatively, that he did not establish that the Dominican government would acquiesce to his torture.

Arias argues that the IJ erred by failing to consider his sources of harm in the aggregate. *See Matter of J-R-G-P-*, 27 I. & N. Dec. 482, 484 (B.I.A. 2018) (holding that CAT claims "must be considered in terms of the aggregate risk of torture from all sources" (quotation marks omitted)). Here, the record does not suggest that the agency considered the sources of harm in isolation. To the contrary, the BIA stated that it had considered the entirety of the record and concluded that Arias had not shown he would likely be tortured "for any reason, even considering country conditions, his prior gang membership, or his status as a criminal deportee." Cert. Admin. Rec. 5. As discussed below, the record supports the conclusion that Arias's fear of torture was speculative.

A CAT claim is "too speculative" if "it involves a chain of assumptions"; an applicant is required to show that each link in the chain is more likely than not to occur. *Savchuck v. Mukasey*, 518 F.3d 119, 124 (2d Cir. 2008) (quotation marks omitted). Arias acknowledges that the IJ found his fear of torture by the Trinitarios too speculative, but he does not specifically challenge this

determination, nor does he point to evidence in the record that establishes a sufficient likelihood of torture. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (deeming applicant's "claim abandoned" where he raised an issue in "only a single conclusory sentence"); *cf. Quintanilla-Mejia*, 3 F.4th at 592 ("Because the agency's conclusion finds support in record evidence, [petitioner] cannot secure CAT relief by pointing to conflicting evidence that might support— but not compel—a different conclusion.").

Moreover, even if Arias had not abandoned this issue, the record supports the agency's decision. The IJ did not err by giving less weight to Arias's brother's testimony because he did not have personal knowledge of Arias's efforts to leave the gang. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ also reasonably determined that Arias's claim that he intended to leave the gang was unconvincing. Although Arias testified that he did not want to join the gang, he also testified that he attended more than 20 meetings while living in New York, and never sought help to get out of the gang. He also did not corroborate his claim that Trinitarios members beat him while he was in prison in the United States because of his attempt to leave. *See*

7

*Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof."). He was uncertain whether his intention to leave the gang was communicated outside of prison, and his brother admitted that his statement that a member of the Trinitarios went to his father's house in the Dominican Republic asking about Arias was inaccurate.

Arias does not challenge these determinations in his briefs; he merely asserts that he did attempt to leave the gang and that he was beaten for doing so. Nor does he challenge the partial adverse credibility determination about his past attempts to leave the gang: despite his assertion in a footnote that he does not waive the credibility issue, he did not otherwise challenge the findings. *See Yueqing Zhang*, 426 F.3d at 545 n.7. Similarly, Arias does not address the agency's conclusion regarding his fear that the Trinitarios would target him for cooperating with law enforcement, and the record reflects that such a claim was unsupported because Arias testified that the gang had determined that he had not cooperated.

Finally, Arias asserted that he would be incarcerated in the Dominican Republic because of his status as a criminal deportee from the United States, and that he would be tortured by guards and inmates in prison. The record supports

8

the IJ's rejection of this claim as speculative. The evidence established that criminal deportees from the United States are placed in a parole system in the Dominican Republic that lasts from six months to a year and requires deportees to report monthly to the government. Their names are entered in a database that flags their deportee status for potential employers. But there was no evidence that such individuals were arrested or detained because of their criminal deportee status.

In sum, the record does not compel Arias's preferred conclusions—*i.e.*, that Arias would leave the gang, that the gang still believed that he had cooperated with law enforcement, or that criminal deportees are incarcerated upon return to the Dominican Republic. *See* 8 C.F.R. § 1208.16(c)(2) (burden on applicant to show torture is "more likely than not"); *Quintanilla-Mejia*, 3 F.4th at 583, 592. We have considered Arias's remaining arguments and find them without merit.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

9