06-0467-ag
Haywood v. BICE
B.I.A.
A41-759-085
Page, I.J.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of April, two thousand ten.

PRESENT:
> CHESTER J. STRAUB,
> PETER W. HALL
> > *Circuit Judges*.[*]

_____

Michael Anthony Haywood,
> *Petitioner*,

-v.-                                                                                            06-0467-ag

Bureau of Immigration & Customs Enforcement, *et al.*,
> *Respondents.*

_____

FOR PETITIONER:            Michael Anthony Haywood, *pro se*.

_____

[*] The Honorable Sonia Sotomayor, originally a member of the panel, was elevated to the Supreme Court on August 8, 2009. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46 (d); IOP E(b); *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

Cyrus Amir-Mokri, Maria A. Raptis, Skadden, Arps, Slate, Meagher & Flom, LLP, New York, New York, *amicus curiae*.

FOR RESPONDENTS: Michael J. Garcia, United States Attorney, Southern District of New York, David Bober, Assistant United States Attorney, David S. Jones, Assistant United States Attorney, New York, New York.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **it is hereby ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner, Michael Anthony Haywood, a native and citizen of Guyana, seeks review of the December 30, 2005 order of the BIA affirming the immigration judge's denial of Haywood's applications for withholding of removal and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court lacks jurisdiction to review a final order of removal resulting from the conviction of an aggravated felony. *See* 8 U.S.C. § 1252(a)(2)(c). However, the Court does have jurisdiction to review "constitutional claims or questions of law" in such cases, *see* 8 U.S.C. § 1252(a)(2)(D), and conducts this review *de novo*, *see, e.g.*, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). Because the Government has now conceded that Haywood was not convicted of an aggravated felony, the only remaining issues are whether the petition for review has been rendered moot by Haywood's removal from the United States and, if not, whether Haywood is bound by his former attorney's concession that he *had* been convicted of an aggravated felony.

The Government's contention that Haywood's removal has mooted the petition for review is contrary to this Court's case law. The Court may review a removal order, even after the alien has departed, so long as the removal order carries collateral consequences that satisfy

2

the Constitution's case-or-controversy requirement. *See Swaby v. Ashcroft*, 357 F.3d 156, 159-61 (2d Cir. 2004) (holding that petitioner's deportation did not render the case moot because petitioner faced a lifetime bar from reentering the United States as a result of having been ordered removed after an aggravated felony conviction). Here, as in *Swaby*, Haywood's deportation has collateral consequences—his lifetime ban on readmission. *See id.*; 8 U.S.C. § 1182(a)(9)(A)(ii). Moreover, if the Court were to rule in Haywood's favor, Haywood would be able to move for cancellation of removal pursuant to 8 U.S.C. § 1229b(a). *See Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006). We also reject the Government's arguments that the petition is moot because Haywood is not participating in the appeal and could not be notified of a decision in his favor; these considerations do not suffice to render the petition moot and the Government's contention that Haywood could not learn of a decision in his favor is speculative and unsupported by any evidence in the record. Thus, the petition presents a live controversy.

However, although *amicus* contends that Haywood's counsel during the removal proceedings was ineffective for conceding that the convictions at issue constituted aggravated felonies, Haywood has forfeited an ineffective assistance claim because he did not comply with the BIA's requirements for bringing such a claim under *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46-47 (2d Cir. 2005); *see also Matter of Compean,* 25 I. & N. Dec. 1 (A.G. 2009) (finding that *Lozada* controls ineffective assistance claims, vacating *Matter of Compean*, 24 I. & N. Dec. 710 (A.G. 2009)). *Amicus*'s argument that Haywood should not be bound by his former attorney's concession must also be denied.

Like all litigants, aliens in removal proceedings are generally bound by the admissions of retained counsel. *See Green v. INS*, 46 F.3d 313, 317 (3d Cir. 1995); *Ali v. Reno*, 22 F.3d 442, 446 (2d Cir. 1994); *Magallanes-Damian v. INS*, 783 F.2d 931, 934 (9th Cir. 1986); *In re Velasquez*, 19 I. & N. Dec. 377, 382 (BIA 1986). In *Velasquez*, the BIA held that, "[a]bsent egregious circumstances, a distinct and formal admission made before, during, or even after a proceeding by an attorney acting in his professional capacity binds his client as a judicial admission." 19 I & N Dec. at 382.

This Court recently found that an alien was bound by his attorney's concession that he was removable, holding that, even if an alien was not bound by counsel's admissions in egregious circumstances, where an immigration judge "accepts a concession of removability from retained counsel and that concession is not contradicted by the record evidence, the circumstances are not 'egregious' in any respect." *See Hoodho v. Holder*, 558 F.3d 184, 192 (2d Cir. 2009). Under *Hoodho*, Haywood would remain bound unless the concession was not "plausible" and was contradicted by the record evidence. *See id.* at 192-93. Although it is now apparent that Haywood was not convicted of an aggravated felony, the law was less clear during his removal proceedings in 2005. *See, e.g.*, *Martinez v. Mukasey*, 551 F.3d 113 (2d Cir. 2008) (relying on a United States Supreme Court case decided in 2006 in finding that New York Penal Law § 221.40 did not constitute an aggravated felony). *Amicus* counsel is correct that the state of the law at the time of the removal hearings presented viable arguments counsel could have raised on Haywood's behalf. However, the determination of which crimes constitute aggravated felonies has not been a straight-forward question; notably, this Court has asked the parties to address the impact of three separate decisions on Haywood's claims. As Haywood's former

4

counsel's concession was "plausible" and not contradicted by the evidence in the record, Haywood is bound by his attorney's admission that he was convicted of an aggravated felony.

Accordingly, the petition for review is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk