09-3840-cv
Kregler v. City of New York et al

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3ʳᵈ day of May, two thousand ten.

PRESENT: DENNIS JACOBS,
      **Chief Judge**,
  AMALYA L. KEARSE,
  GUIDO CALABRESI,
      **Circuit Judges**,

- - - - - - - - - - - - - - - - - - - - -X
WILLIAM KREGLER,
  **Plaintiff-Appellant**,

  **-v.-**            **09-3840-cv**

THE CITY OF NEW YORK, LOUIS GARCIA, BRIAN GROGAN, ROSE GILL HEARN, KEITH SCHWAM, and DARREN KEENAGHAN, sued in their individual and official capacities
  **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANTS: Nathaniel B. Smith, Law Office of Nathaniel B. Smith, New York, NY.

1

**APPEARING FOR APPELLEES:**     Drake A. Colley (Edward F.X. Hart on the brief) for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Marrero, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **VACATED** and the matter be **REMANDED** for further proceedings.

Plaintiff-appellant William Kregler appeals from an August 18, 2009 judgment of the United States District Court for the Southern District of New York (Marrero, J.) granting defendants' motion to dismiss under Rule 12(b)(6). Kregler appeals, arguing that he sufficiently stated a claim in his complaint brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*." Vietnam Ass'n for Victims of Agent Orange v. Dow Chemical Co., 517 F.3d 104, 115 (2d. Cir 2008) (internal quotation marks omitted). "To state a prima facie case of retaliation under § 1983, a plaintiff must demonstrate that: (1) his or her speech was

2

constitutionally protected; (2) he or she suffered an adverse employment action; and (3) a causal connection exists between the speech and the adverse employment action so that it can be said that the speech was a motivating factor in the determination." Washington v. County of Rockland, 373 F.3d 310, 320 (2d Cir. 2004). The appellees contend that Kregler did not adequately plead causation.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Aschroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1950). "We next consider the factual allegations in [plaintiff's] complaint to determine if they plausibly suggest an entitlement to relief." Iqbal, 129 S. Ct. at 1951; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Kregler's amended complaint pleads facts sufficient to clear this threshold. He alleges that in response to his announced stance in support of a candidate in a heated local

3

political campaign, employees of the New York City Fire Department induced contacts at the Department of Investigation to prevent his appointment as a City Marshal. This allegation is neither a legal conclusion nor asserts a claim that is implausible on its face.[1] Kregler's claim that political animus caused certain defendants to lie about or mischaracterize Kregler's disciplinary record, and that that same political animus caused other defendants to accept their misrepresentations is not implausible on its face and therefore not susceptible to a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

There is no merit in Kregler's argument that the case should be remanded to a different district court judge. See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 142 (2d Cir. 2007). Kregler's motion for leave to amend, which was denied below as futile, should be granted upon remand.

We have considered all of defendants' contentions in support of the Rule 12(b)(6) dismissal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order. In the

---

[1] The District Court looked further into the matter in a Rule 12(i) hearing. We express no opinion, however, as to the use of that procedure or the impact of the facts adduced therein.

4

event that plaintiff ultimately prevails on the merits of his claim, the district court shall include in the costs awarded the costs of this appeal.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK